No. 16,414.

Aragon, a Justice of the Peace
*v.* People ex rel. Medina et al.
(218 P. [2d] 744)

Decided May 8, 1950.

506

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. DONALD C. McKINLAY, Assistant, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error is a justice of the peace in the county of Alamosa. Defendants in error Medina, Maes and Lobato, hereinafter designated as relators, were named defendants in a proceeding in a justice of the peace court in which it was charged that on or about October 29, 1949, they did "unlawfully hunt game in an enclosure of lands of Malcolm Stewart, the same not being public lands, without the consent of the proprietor or person in charge thereof." The statute assertedly violated by relators is section 64, chapter 73, '35 C.S.A.

Upon trial of said cause before plaintiff in error on change of venue the relators were adjudged guilty and separate fines of $25.00 and costs were assessed against each of them. As defendants in said action they objected to the jurisdiction of the justice of the peace to proceed in the action for the reason, as asserted, that the statute fixed no penalty for the violation thereof, in the absence of which no prosecution could be maintained.

Following the judgment of the justice of the peace, relators filed in the district court of Alamosa county their "Petition for Alternative Writ of Prohibition," by which they sought to prevent the justice of the peace from taking any further proceedings in said action, "and from taking any steps to collect the fines so levied."

Upon final determination of the question raised by the said petition, the district court found that the plaintiff in error "did exceed his jurisdiction in finding the relators guilty of a misdemeanor and in fining them therefor, in that no penalty exists for the purported violation of a statute or regulation of the Colorado Game and Fish Commission with which they were charged."

The alternative writ of prohibition theretofore issued was made permanent, and the justice of the peace brings the case here by writ of error. Relators have entered no appearance in this court.

█ The only question to be determined is whether any penalty is provided by law for hunting or fishing in any enclosure, not public land, without the consent of the proprietor or person in charge of the same.

The Game and Fish statute (chapter 73, '35 C.S.A. as amended) consists of two hundred eighty-six sections which are contained in twenty articles or divisions. Article 2 of said statute includes sections 51 to 88 inclusive, and the prosecution of relators before the justice of the peace was had under section 64 thereof, which provides, inter alia, that no person shall "fish or hunt game in any enclosure not public land without the consent of the owner or persons in charge of the same * * *." There is no penalty mentioned in said section 64 for the commission of any act therein prohibited. The penalty assessed by the justice of the peace, plaintiff in error, was fixed pursuant to the provisions of section 216 of the statute, which section is contained in Article 13 entitled, "Penalties—Prosecutions—Fines." Section 216, chapter 73, '35 C.S.A. reads as follows: "Every person or officer violating any of the provisions of this law, otherwise than as contemplated in the last preceding section, shall be guilty of a misdemeanor and be punished by a fine of not less than $25.00, nor more than $250.00, or by imprisonment in the county jail not less than ten days or more than three months, or by both such fine and imprisonment. [L. '13, p. 282, §6; amending R.S.

508

'08 §2877; C.L., §1581.]" The "last preceding section" (Section 215), mentioned in the above quotation, is not pertinent, since it merely provides for greater penalties where an offense is committed under the circumstances of aggravation therein defined.

Section 224, chapter 73, '35 C.S.A., reads as follows: "The words 'said law,' wherever used in the sections of this division and the preceding divisions codified from the law of 1903, refer to the law of 1899 to which this is amendatory, and the penal provisions of said law shall be applicable to this law the same as if this law had been incorporated therein and passed as a part thereof, and all laws or parts of laws inconsistent with this law are hereby repealed. [L. '03, p. 244, §9; R.S. '08, §2885; C.L., §1589.]" Sections 64 and 216 of said chapter 73 are a part of the basic law of 1899.

Article 13 of the statute includes sections 213 to 224 inclusive. These sections deal generally with penalties, prosecutions and fines. Each of the sections of Article 13 specifying amounts and character of penalties, makes them applicable to violation "of this law." It is clear that by the words, "Every person or officer *violating any of the provisions of this law* * * *'," as used in section 216 of the statute, the legislature meant the Game and Fish statute as a whole, namely chapter 73, '35 C.S.A.; hence a violation of section 64 of the statute calls for the imposition of a penalty within the limitations prescribed by section 216.

Plaintiff in error did not exceed his jurisdiction in assessing the fines here in question. The judgment of the district court is reversed and the cause remanded with directions for further proceeding in accordance with the views expressed herein.